UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| G. SIMON BACHIR M.D., | No. 1:05-CV-01575-FVS-LJO |
| Plaintiff, | |
| v. | ORDER GRANTING DEFENDANTS' MOTIONS TO DISMISS |
| SAINT AGNES MEDICAL CENTER, COMMUNITY MEDICAL CENTERS, | |
| Defendants. | |

**THIS MATTER** comes before the Court on Defendants' motions to dismiss (Ct. Rec. 13 and Ct. Rec. 17). The Court held a telephonic conference to address these motions on June 2, 2006. Defendants were each represented by counsel. Plaintiff was not present during the hearing because he was unable to be reached by telephone.

**BACKGROUND**

Plaintiff is a heart surgeon. Complaint at ¶ 15. He alleges he was granted provisional staff privileges at Saint Agnes Medical Center[1] ("Saint Agnes") in October 2001 and that he opened his office in February 2002. *Id.* at ¶ 7. He further alleges that because he is Syrian he was subjected to additional requirements before he was eligible to have full privileges at Saint Agnes. *Id.* at ¶ 10. According to Plaintiff, these additional requirements were not required of other physicians at Saint Agnes. *Id.* at ¶ 8. Specifically, Plaintiff alleges the standard for being awarded full privileges at Saint Agnes was continuously, arbitrarily, and capriciously changed on him, so that he could not achieve his goal of being awarded full privileges. *Id.* ¶¶ 12, 16. Plaintiff further

---

[1] Saint Agnes Medical Center was mistakenly sued as St. Agnes Medical Center.

ORDER GRANTING DEFENDANTS' MOTIONS TO DISMISS - 1

alleges that physicians and other individuals at Saint Agnes conspired with one another to obtain negative opinions about Plaintiff in an effort to delay his advancement to active staff. Complaint at ¶¶ 23, 24. Ultimately, on a date not disclosed in the Complaint, Plaintiff alleges Saint Agnes decided not to advance Plaintiff to staff status. *Id.* at ¶ 24. Plaintiff appealed that decision, but lost his administrative appeal in August 2004. *Id.* at ¶ 32.

Plaintiff alleges he was granted provisional privileges at Community Hospitals of Central California[2] ("CMC") in May 2003. He alleges that within three weeks of receiving privileges at CMC, he "had done 3 successful cases but his privileges were nonetheless, suspended because of his race." *Id.* at ¶ 22. The suspension of Plaintiff's privileges at CMC lasted six months "until an outside expert hired by CMC found Dr. Bachir's CMC cases to be within the standard of care...." *Id.* at ¶ 25. Plaintiff's privileges were subsequently reinstated at CMC and his "privileges were advanced to active status." *Id.* at ¶ 33.

Plaintiff's Complaint asserts one cause of action against both Saint Agnes and CMC: "Violation of Title VII of the Civil Rights Act of 1964." *Id.* at ¶ 5:15. Plaintiff's action is based on the contention that "his privileges were ... suspended because of his race." *Id.* at ¶¶ 22, 36. Both Defendants move to dismiss Plaintiff's Complaint under Federal Rule of Civil Procedure 12(b)(6) for failure to state a claim upon which relief can be granted. Specifically, Defendants contend Plaintiff, an independent contractor, lacks standing to assert a claim for employment discrimination under Title VII.

**DISCUSSION**

*A.   Standard of Review*

A complaint should not be dismissed for failure to state a claim upon which relief

---

[2] Community Hospitals of Central California was mistakenly sued as Community Medical Centers.

ORDER GRANTING DEFENDANTS' MOTIONS TO DISMISS - 2

may be granted under Federal Rule of Civil Procedure 12(b)(6) unless it "appears beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief." *Conley v. Gibson*, 355 U.S. 41, 45-46, 78 S.Ct. 99, 101-02, 2 L.Ed.2d 80 (1957).  When the legal sufficiency of a complaint's allegations are tested with a motion under Rule 12(b)(6), "review is limited to the complaint." *Cervantes v. City of San Diego*, 5 F.3d 1273, 1274 (9th Cir. 1993).  All factual allegations set forth in the complaint are taken as true and construed in the light most favorable to the plaintiff. *Epstein v. Wash. Energy Co.*, 83 F.3d 1136, 1140 (9th Cir. 1996).

### ***B.    Independent Contractors are Not Protected Under Title VII***

Title VII provides, in pertinent part, that "[i]t shall be an unlawful employment practice for an employer to fail or refuse to hire ... any individual ... because of such individual's race, color, religion, sex, or national origin." 42 U.S.C. § 2000e-2(a) (1994); *Adcock v. Chrysler Corp.*, 166 F.3d 1290, 1292 (9th Cir. 1999).  "One of Congress' objectives in enacting Title VII was to achieve equality of employment opportunities.  Consequently, there must be some connection with an employment relationship for Title VII protections to apply." *Id.* (internal quotation marks and citations omitted).  Title VII protects employees, but it does not protect independent contractors. *Id.* (citing *Lutcher v. Musicians Union Local 47*, 633 F.2d 880, 883 (9th Cir. 1989); *Mitchell v. Frank R. Howard memorial Hosp.*, 853 F.2d 762, 766 (9th Cir. 1988)).

Here, Plaintiff's Complaint does not allege he was an employee of Saint Agnes or CMC or that he was in the process of seeking employment with either Defendant. Plaintiff's Complaint alleges only that he was seeking staff privileges out of Saint Agnes' facility and that he was seeking similar privileges at CMC.  The Complaint does not allege any facts showing the existence of an employment relationship between Plaintiff and Saint Agnes or CMC.  From the face of the Complaint the Court can only

ORDER GRANTING DEFENDANTS' MOTIONS TO DISMISS - 3

conclude that Plaintiff was an independent contractor with Saint Agnes and CMC. Because there is no employment relationship triggering the protections of Title VII, the statute does not apply to Plaintiff. Accordingly,

**IT IS HEREBY ORDERED**:

1. Saint Agnes Medical Center's Motion to Dismiss (**Ct. Rec. 13**) is **GRANTED**.

2. Community Hospitals of Central California's Motion to Dismiss (**Ct. Rec. 17**) is **GRANTED**.

3. Plaintiff's Complaint is **DISMISSED WITHOUT PREJUDICE**.

**IT IS SO ORDERED.**  The District Court Executive is hereby directed to enter this Order, furnish copies to counsel and to the **Plaintiff**, and **CLOSE THE FILE**.

**DATED** this 5th  day of June, 2006.

 *s/ Fred Van Sickle*
 Fred Van Sickle
 United States District Judge